## JOHN DAVIS v. R. S. CARTER, CLERK.

Where it appeared that the Clerk of the District Court refused to deliver the trrnscript on a writ of error, unless the plaintiff in error would file a bond, with sureties, for the costs of the writ of error, this Court issued a mandamus to compel the delivery of the transcript, on the ground that the Statute does not require any bond to be given in such case.

Application for mandamus. The facts are stated in the Opinion.

*W. G. Webb,* for relator, cited Turner v. Hamilton, 6 Tex. R. 250.

*J. T. Harcourt,* for respondent, argued that Turner v. Hamilton was not in point ; that the only difference between the writ of error and the appeal was, that the former could be taken after the Term, and without superseding the execution of the judgment.

HEMPHILL, CH. J. This is an application for a mandamus. The plaintiff represents that judgment was rendered against him in the District Court of Fayette county, in December, 1856 ; that he has filed his petition for writ of error, and service was perfected on plaintiff in said judgment ; but that the defendant, the Clerk of the District Court of that county, refuses to make out or deliver the transcript unless the petitioner shall first file a bond to cover the costs. The plaintiff prays for 'a mandamus to compel the Clerk to make out and deliver, the transcript. The defendant waives the issue of process

acknowledges service, and agrees that action may be had on the petition and his answer accompanying the same.

The several reasons assigned by the defendant for refusal to deliver the transcript, amount in substance to the single ground, that the plaintiff has not given bond to secure the costs of the writ of error. As the plaintiff in the District Court may be required to give security for costs, and as the appellant must secure such costs on appeal, it would seem but reasonable that the plaintiff in a writ of error should give the like security. But it has .been uniformly ruled that there is no provision of Statute to that effect; that a bond is not a condition precedent to the issuance of a writ of error; that the party complaining is entitled to the writ with or without bond. Should the plaintiff desire to suspend the execution, he must give such bond as the Statute requires; but he may have the writ without superseding the execution. (6 Tex. R. 250:)

The answer being insufficient, a peremptory mandamus in conformity with the prayer of the petition is ordered to issue.

Ordered accordingly.